Matter of Varble (2019 NY Slip Op 01422)





Matter of Varble


2019 NY Slip Op 01422


Decided on February 27, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN
JOSEPH J. MALTESE, JJ.


2018-01354

[*1]In the Matter of Michael R. Varble, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Michael R. Varble, respondent. (Attorney Registration No. 2799773)



APPLICATION pursuant to 22 NYCRR 1240.10 by Michael R. Varble, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on January 13, 1997, to resign as an attorney and counselor-at-law. By decision and order on motion dated July 9, 2018, this Court immediately suspended the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5) pending further order of the Court. The Grievance Committee for the Ninth Judicial District commenced a disciplinary proceeding, pursuant to 22 NYCRR 1240.8, by serving upon the respondent and filing with the Court a notice of petition and a verified petition dated January 30, 2018. Pursuant to a stipulation, the respondent consented to the service and filing of a verified supplemental petition dated June 21, 2018.



Gary L. Casella, White Plains, NY (Matthew C. Toal of counsel), for the Grievance Committee for the Ninth Judicial District.
Michael R. Varble, Kingston, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Michael R. Varble, has submitted an affidavit sworn to on August 13, 2018, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is the subject of disciplinary charges pending before this Court, as set forth in the verified petition dated January 30, 2018, and the verified supplemental petition dated June 21, 2018. He acknowledges that the charges include at least the following acts of professional misconduct: failure to return unearned fees to multiple clients, failure to communicate with clients, and neglect. In addition to the pending charges in the disciplinary proceeding, the respondent acknowledges that he is the subject of additional complaints of professional misconduct alleging, inter alia, a failure to return unearned fees to clients. The respondent avers that he cannot successfully defend himself against the charges and allegations based upon the facts and circumstances of his professional conduct.
The respondent also avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and [*2]counselors-at-law.
Additionally, the respondent attests that the disciplinary proceeding does not include charges that he willfully misappropriated or misapplied money or property in the practice of law. However, he acknowledges that he failed to return unearned fees to clients, as set forth in the verified petition dated January 30, 2018, and the verified supplemental petition dated June 21, 2018. The respondent further acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he would not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that, in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application to resign is granted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. Additionally, in view of the respondent's admission that he failed to return unearned fees to clients, as set forth in the verified petition dated January 30, 2018, and the verified supplemental petition dated June 21, 2018, we find that in any future reinstatement application, the respondent shall provide proof of payment of the unearned fees to the clients, as set forth in the verified petition dated January 30, 2018, and the verified supplemental petition dated June 21, 2018. In view of the foregoing, on the Court's own motion, the disciplinary proceeding commenced against the respondent is discontinued as academic.
MASTRO, J.P., RIVERA, DILLON, AUSTIN and MALTESE, JJ., concur.
ORDERED that the application of the respondent, Michael R. Varble, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael R. Varble, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael R. Varble, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael R. Varble, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that in any future reinstatement application, the respondent, Michael R. Varble, shall provide proof of payment of the unearned fees to the clients, as set forth in the verified petition dated January 30, 2018, and the verified supplemental petition dated June 21, 2018; and it is further,
ORDERED that if the respondent, Michael R. Varble, has been issued a secure pass [*3]by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that, on the Court's own motion, the disciplinary proceeding initiated by the Grievance Committee based upon the notice of petition dated January 30, 2018, the verified petition dated January 30, 2018, and the verified supplemental petition dated June 21, 2018, is discontinued as academic.
MASTRO, J.P., RIVERA, DILLON, AUSTIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court